## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

REGINALD HUGGINS

LATRELL WHITE                                                                                          PLAINTIFFS

V.                                     NO: 5:08CV00216 JMM/HDY

W.C. "DUB" BRASSELL
DETENTION CENTER *et al.*                                                                        DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

  2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

  3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

  Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

## DISPOSITION

Plaintiffs, who were formerly held at the W.C. "Dub" Brassell Detention Center, filed this *pro se* complaint, pursuant to 42 U.S.C. § 1983, on August 5, 2008 (docket entry #3), challenging the conditions of their confinement. On February 13, 2009, Defendants Ed Adams, Carl Rushing, and Floyd Holoway, filed a motion for summary judgment, a brief in support, and a statement of facts (docket entries #28-#30). Although more than 11 days has passed, Plaintiffs have not filed a response.

### I. Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter

of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case.  *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

According to Plaintiffs' complaint, they were pre-trial detainees held at the W.C. "Dub" Brassell Detention Center in July of 2008, when they were subjected to unconstitutional conditions of confinement.  Plaintiffs generally assert that they did not received "adequate and proper hygenic care," and specifically claim that they were denied a change of clothes, clean underwear, socks, towels, and soap, on July 7, 9, 11, 19, and 25.  Plaintiffs also claim that they were only given clean bed linens once every 30 days.  Plaintiffs also assert that the facility has no tuberculosis ("TB") lights, and that they do not receive TB tests.  Finally, Plaintiffs argue that the conditions of the jail were in violation of unspecified regulations.

Because Plaintiffs were pre-trial detainees at the time the events took place, their claims are analyzed under the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment.  *Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003). Defendants violated Plaintiffs' due process rights if the jail's conditions of confinement constituted punishment.  *Id*.

However, because, "[u]nder the Fourteenth Amendment, pretrial detainees are entitled to 'at least as great' protection as that afforded convicted prisoners under the Eighth Amendment," courts apply the identical deliberate indifference standard as that applied to conditions of confinement claims made by convicts. *Id*. (quoting *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983)); *see also Whitnack v. Douglas County*, 16 F.3d 954, 957 (8th Cir. 1994).

To prevail on a condition-of-confinement claim, inmates and pretrial detainees must show: (1) the condition was serious enough to deprive them of the minimal civilized measure of life's necessities, or to constitute a substantial risk of serious harm, and (2) officials were deliberately indifferent to the inmates' or detainees' health and safety. *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir.1996); *Frye v. Pettis County Sheriff Dept.*, 41 Fed.Appx. 906 (8th Cir. 2002)(unpub. per curiam). The Plaintiffs have not shown that they were deprived of the minimal civilized measure of life's necessities, or exposed to a substantial risk or harm, or that any officials were deliberately indifferent to their health and safety. Defendants have provided copies of the detainee handbook and the sanitation policy indicating that the policy of the jail is to provide personal hygiene items to detainees, and to maintain the jail in a sanitary condition. Defendants have also provided the affidavit of Mike Hurst, the jail administrator, who states that detainees are provided with soap, toothbrush, toothpaste, and deodorant in the shower, and fresh bed linens at least every 10 to 14 days. According to Hurst, most detainees are provided with TB testing, and portable TB lights and a filtration system are utilized in the facility. Hurst's assertions regarding TB testing and lights are confirmed by the statement of undisputed facts filed by Defendants (docket entry #30).[1] Such

---

[1] Because Plaintiffs have not disputed the Defendants' statement of facts, those facts are deemed admitted. *See* Local Rule 56.1(c).

procedures are adequate.

Even assuming that Plaintiffs introduced evidence that supported the allegations in their complaint that they were denied certain hygiene items, and were given fresh bed linens only once every 30 days, Defendants' motion should still be granted. If Plaintiffs were denied a change of clothes, clean underwear, socks, towels, and soap, such a denial, for the limited days described, does not amount to a constitutional violation. *See Smith v. Copeland*, 87 F.3d at 269 (conditions such as a filthy cell that may be tolerable for a few days are intolerably cruel for weeks or months; length of time prisoner is subject to conditions is a critical factor). *See also O'Leary v. Iowa State Men's Reformatory*, 79 F.3d 82, 83-84 (8th Cir. 1996) (several days without underwear, blankets, mattress, exercise and visits is not in violation of Eighth Amendment); *Williams v. Delo*, 49 F.3d 442, 444-445 (8th Cir. 1995) (prisoner placed in segregation cell without clothes, running water, tooth brush, tooth paste, deodorant, soap, sheets, blankets, and mattresses, for a period of four days was not deprived of the minimal civilized measure of life necessities). Moreover, Defendants are entitled to dismissal because Plaintiffs have failed to cite any constitutional standard supporting their allegations regarding bed linens, or to identify any harm they sustained as a result of the denial of clean clothes, hygiene items, or bed linens.[2]

Finally, to the extent that Plaintiffs attempt to assert a claim for violation of unspecified regulations, the Court notes that such actions do not amount to a constitutional violation. *See Gardner v. Howard*, 109 F. 3d 427, 430 (8th Cir. 1997)(no § 1983 liability for violation of prison policy). Accordingly, Defendants' motion for summary judgment should be granted.

---

[2]Neither Plaintiff is held at the Brassell Detention Center at this time.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion for summary judgment (docket entry #28) be GRANTED, and Plaintiffs' complaint be DISMISSED WITH PREJUDICE.

2. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this   18   day of March, 2009.

UNITED STATES MAGISTRATE JUDGE